THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-659

| | | |
|---|---|---|
| WESTDALE RECAP PROPERTIES, LTD. | ) | |
| AND WESTDALE WAKEFIELD NC, L.P., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **JOINT RULE 26(F)** |
| | ) | **REPORT** |
| NP/I&G WAKEFIELD COMMONS, L.L.C. | ) | |
| AND CENTRO NP, L.L.C. N/K/A | ) | |
| BRIXMOR, L.L.C. | ) | |
| | ) | |
| **Defendants.** | ) | |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on February 17, 2012 by teleconference and was attended by the following:

    a. Scott Griffith, Curtis Hubbard and Brooke Albert, appearing on behalf of Westdale RECap Properties, Ltd. and Westdale Wakefield NC, L.P. (collectively "Plaintiffs"; and

    b. Pressly M. Millen and Paul A. Shelowitz appearing on behalf of NP/I&G Wakefield Commons, L.L.C. ("NP/I&G"); and Mark E. Kogan, Christopher N. Jones and Gregg E. McDougal appearing on behalf of Centro NP, L.L.C. n/k/a Brixmor, L.L.C ("Brixmor") (NP/I&G and Brixmor are referred to herein, collectively as "Defendants")

2. Pre-Discovery Disclosures. The parties will exchange by **March 9, 2012** the information required by Fed. R. Civ. P. 26(a)(1) as previously ordered by the Court. However, the parties agree that the Plaintiffs' computation of damages required under Rule 26(a)(1)(A)(iii) will not be included in the initial disclosures, but will be disclosed in Plaintiffs' expert report(s). This will

not limit Plaintiffs' obligation to identify witnesses with knowledge of alleged damages or Defendants' rights to pursue discovery respecting Plaintiffs' alleged damages.

3. Discovery Plan.

   a. The parties jointly propose that discovery will be needed on the following subjects: (i) the allegations set forth in Plaintiffs' Complaint which have been denied by Defendants; (ii) Defendants' affirmative defenses; and (iii) Plaintiffs' alleged damages.

   b. Plaintiffs propose that, in addition and to the extent not otherwise included in (a)i – (a)iii above, Plaintiffs will need discovery on (i) the knowledge of the Defendants, JP Morgan and Holliday Fenoglio Fowler (and each of their respective representatives and agents) regarding the financial performance of the Kroger store and the decision to close the store; and (ii) all communications (including internal communications) by, among and/or between the Defendants, JP Morgan, Holliday Fenoglio Fowler, and Wakefield Commons tenants (including Kroger) (and each of their respective representatives and agents) regarding the Wakefield Commons Property.

   c. Disclosure or discovery of electronically stored information should be handled as follows: Counsel for the parties have agreed to work together to develop a protocol, to the extent one is necessary beyond the rules of procedure governing discovery, for production of ESI so that the documents will be accessible and usable by the receiving party. The parties do not anticipate the need for any security measures associated with the production of electronic documents beyond those to be contained in any agreed protective order. The parties also report that they intend to explore all

2

other technological innovations designed to render document discovery more manageable and less costly.

d. All discovery shall be completed by **December 31, 2012**.

The Parties have agreed to log materials withheld from discovery on the grounds that they are protected by the attorney-client privilege, protected by the work product doctrine, or protected as material prepared in anticipation of litigation or for trial. The following shall be exempt from the log requirement:

i.  correspondence between outside or in-house counsel and clients after the litigation was filed;

ii. memoranda, drafts, notes and files of outside litigation counsel; and

iii. correspondence between outside counsel and clients prepared in anticipation of litigation.

The privilege log shall otherwise comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A).

The parties expect that a number of discoverable documents will contain confidential information. The parties have agreed that any such documents shall be designated by the producing party as "Confidential" and shall be treated as such by the receiving party, in accordance with the terms of a Protective Order to be negotiated by the parties and submitted to the Court for approval no later than one week prior to the deadline for initial disclosures.

e. The following limits are placed on the number of discovery requests that any party may serve on any other party:

i.  Interrogatories (including subparts) – 35;

3

    ii.    Requests for Admission – 50;

f. The maximum number of depositions shall be:

    i.    20 depositions (excluding expert depositions) by Plaintiffs, collectively.

    ii.    10 depositions (excluding expert depositions) by each Defendant.

A party may participate in and ask questions at a deposition that it did not notice without such participation counting as one of that party's depositions.

g.    Each deposition shall be limited to 7 hours excluding breaks, unless otherwise agreed by the parties.

h.    Reports from retained experts under Fed. R. Civ. P. 26(a)(2) shall be due:

    i.    From Plaintiffs by **September 30, 2012.**

    ii.    From Defendants by **October 31, 2012.**

i.    Supplementations under Fed. R. Civ. P. 26(e) shall be made in a timely manner and, in any event, not later than **December 20, 2012.** If a party wishes to take discovery after December 31, 2012 based on information disclosed in supplementations under Fed. R. Civ. P. 26(e) or discovery related to expert reports and depositions, all parties agree to cooperate and facilitate such discovery.

4.    Other Items.

a.    The parties do not request a conference with the court prior to the entry of the scheduling order.

b.    The parties request a pretrial conference in accordance with the Court's standard procedure.

c.    The Plaintiffs and Defendants should be allowed until **June 30, 2012** to, without leave, join additional parties or amend their pleadings.

4

d.  All dispositive motions shall be filed by **February 28, 2013**.

e.  The parties agree that mediation is an appropriate form of alternative dispute resolution. However, the likelihood of settlement cannot be evaluated until electronically stored information is exchanged between the parties.

f.  Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3) shall be served thirty (30) days before trial. The parties shall have 10 days after service of such disclosures to list objections under Rule 26(a)(3).

g.  The case should be ready for trial by April 2013, and at this time, is expected to take approximately one week.

Respectfully submitted, this the 2nd day of March 2012.

5

GRIFFITH NIXON DAVISON, P.C.

BY:   */s/ Scott Griffith*
     Scott Griffith
     Texas State Bar No. 08482150
     Curtis Hubbard
     Texas State Bar No. 24029621
     Stephen C. Bolline II
     Texas State Bar No. 24069396
     Two Lincoln Centre
     5420 LBJ Freeway, Suite 900
     Dallas, Texas 75240
     T: 972-392-8900
     F: 972-392-8901
     Email: sgriffith@gndlaw.com
     Email: chubbard@gndlaw.com
     Email: sbolline@gndlaw.com

     *Attorneys for Westdale RECap Properties, Ltd.*
     *and Westdale Wakefield NC, L.P.*

LEWIS & ROBERTS, P.L.L.C.

BY:   */s/ Brooke N. Albert*
     James A. Roberts, III
     N.C. State Bar No. 10495
     Brooke N. Albert
     N.C. State Bar No. 36584
     3700 Glenwood Ave., Suite 410 (27612)
     P. O. Box 17529
     Raleigh, North Carolina 27619-7529
     T: 919-981-0191
     F: 919-981-0199
     Email: jar@lewis-roberts.com
     Email: bna@lewis-roberts.com

     *Local Civil Rule 83.1 Counsel for*
     *Westdale RECap Properties, Ltd. and Westdale*
     *Wakefield NC, L.P.*

WOMBLE CARLYLE SANDRIDGE & RICE,
*A Limited Liability Company*

BY: */s/ Pressly M. Millen*

Pressly M. Millen
N.C. State Bar No. 16178
150 Fayetteville Street, Suite 2100
Post Office Box 831
Raleigh, North Carolina 27602
T: 919-755-2135
F: 919-7556067
Email: pmillen@wcsr.com

*Attorney for NP/I&G Wakefield Commons,
L.L.C.*


KILPATRICK TOWNSEND & STOCKTON,
L.L.P.

BY: */s/ Gregg E. McDougal*

Gregg E. McDougal
N.C. State Bar No. 27290
Alan D. McInnes
N.C. State Bar No. 20938
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27602
T: 919-420-1700
F: 919-420-1800
Email: gmcdougal@kilpatricktownsend.com
Email: amcinnes@kilpatricktownsend.com

KOGAN, TRICHON & WETHEIMER, P.C.

BY: */s/ Mark E. Kogan*

Mark E. Kogan
PA State Bar No. 10186
Christopher N. Jones
PA State Bar No. 81757
1818 Market Street, 30th Floor
Philadelphia, PA 19103
T: 215-575-7600
F: 215-575-7688
Email: mkogan@ktwlaw.com
Email: cjones@ktwlaw.com

*Attorneys for Centro NP, L.L.C. n/k/a
Brixmor, L.L.C.*

## CERTIFICATE OF SERVICE

I, Brooke N. Albert, hereby certify that the foregoing **JOINT RULE 26(F) REPORT** was filed electronically with the Court's CM/ECF facilities, which will notify all counsel of record at the e-mail addresses listed below:

Scott Griffith
Email: sgriffith@gndlaw.com
Curtis Hubbard
Email: chubbard@gndlaw.com
Stephen C. Bolline II
Email: sbolline@gndlaw.com

*Attorneys for Westdale RECap Properties, Ltd. and Westdale Wakefield NC, L.P.*

Pressly M. Millen
Email: pmillen@wcsr.com

*Attorney for NP/I&G Wakefield Commons, L.L.C.*

Gregg E. McDougal
Email: gmcdougal@kilpatricktownsend.com
Alan D. McInnes
Email: amcinnes@kilpatricktownsend.com

Mark E. Kogan
Email: mkogan@ktwlaw.com
Christopher N. Jones
Email: cjones@ktwlaw.com

*Attorneys for Centro NP, L.L.C. n/k/a Brixmor, L.L.C.*

This, the 2nd day of March, 2012.

LEWIS & ROBERTS, PLLC

/s/ Brooke N. Albert
Brooke N. Albert
N.C. State Bar No. 36584
3700 Glenwood Avenue, Suite 410 (27612)
P. O. Box 17529
Raleigh, North Carolina 27619-7529
Telephone: 919-981-0191
Facsimile: 919-981-0199
E-mail: jar@lewis-roberts.com
E-mail: bna@lewis-roberts.com

*Local Civil Rule 83.1 Counsel for*
*Westdale RECap Properties, Ltd. and Westdale*
*Wakefield NC, L.P.*

{00425876.DOC}